## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIN WILLIAMS (#480922)** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-636-JWD-SDJ** |
| **DAVID VOORHIES, ET AL.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 6, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN WILLIAMS (#480922)                         CIVIL ACTION NO.

VERSUS                                                      21-636-JWD-SDJ

DAVID VOORHIES, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss, which is substantively a Motion for Partial Dismissal,[1] filed by Defendants David Voorhies and Omar Walker. The Motion seeks dismissal of Plaintiff's claims for monetary damages against Defendants in their official capacities.[2] No timely opposition was filed. For the following reasons, the Motion should be granted, and the remaining claims should be referred back to the undersigned for further proceedings.

I.  **Background**

Plaintiff, Alvin Williams, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, instituted this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights arising from an incident occurring on April 28, 2021, when Walker allegedly used excessive amounts of chemical agent on

---

[1] R. Doc. 15. The Motion only seeks dismissal of the claims for monetary relief against Defendants in their official capacities, and this is the only issue briefed in the attached memorandum. R. Doc. 15-1.

[2] *See* R. Doc. 15 ("defendants Move to Dismiss the Plaintiff's petition on the grounds that with respect to his § 1983 claims against the named defendants in their official capacities, the defendants are entitled to sovereign immunity."). Though Plaintiff did not specify whether he sought damages against Defendants in their official or individual capacities, *pro se* complaints are liberally construed, so the Court construes Plaintiff's complaint, as amended, as seeking damages against Defendants in both their individual and official capacities. *See McCollum v. Lewis*, 852 Fed.Appx. 117, 121 (5th Cir. 2021) (emphasizing that *pro se* "complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.").

Williams, and Voorhies exerted force that caused a stress fracture in Plaintiff's right hand.[3] He seeks monetary and injunctive relief.[4]

## II.    Law & Analysis

### a.  Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[5] and *Ashcroft v. Iqbal*,[6] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[10] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint."[12] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded,

---

[3] R. Docs. 1 & 4.
[4] R. Doc. 4, p. 5.
[5] 550 U.S. 544 (2007).
[6] 556 U.S. 662 (2009).
[7] *Twombly,* 550 U.S. at 555.
[8] *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. 544).
[9] *Id.*
[10] *Id.* at 679.
[11] *Id.* at 678 (internal quotation marks omitted).
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

must be held to less stringent standards than formal pleadings drafted by lawyers.'"[13] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[15] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[16] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[17]

### b. Plaintiff's Claims for Monetary Damages against Defendants in their Official Capacities are Subject to Dismissal

42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, because these officials are not seen to be "persons" within the meaning of § 1983.[18] In *Hafer v. Melo*,[19] the United States Supreme Court explained the difference between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[20] Accordingly, any § 1983 claims asserted by Williams against Defendants in their official capacities for monetary damages are subject to dismissal.[21]

---

[13] *Id.* (citation omitted).
[14] Fed. R. Civ. P. 8(a)(2).
[15] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[16] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[17] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[18] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[19] 502 U.S. 21 (1991).
[20] *Hafer,* 502 U.S. at 25.
[21] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss, which only seeks dismissal of Plaintiff's claims for monetary damages against Defendants in their official capacities, be **GRANTED** and that this matter be referred back to the magistrate judge on Plaintiff's remaining claims (*i.e.*, Plaintiff's claims for injunctive relief and claims for monetary relief against Defendants in their individual capacities for the acts of excessive force and failure to intervene occurring on April 28, 2021).[22]

Signed in Baton Rouge, Louisiana, on November 6, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] The undersigned notes that, though Defendants did not argue, generally, for the dismissal of Plaintiff's excessive force and failure to intervene claims, any such argument would have been futile because Plaintiff has clearly stated sufficient facts to support these claims. Plaintiff alleges he was compliant with orders, yet force was used against him. His allegations also indicate that Voorhies failed to intervene when Walker sprayed Plaintiff with chemical agent and that Walker failed to intervene when Voorhies injured Plaintiff's hand. *See* R. Doc. 1, pp. 2-3. Additionally, Plaintiff's claim that Defendants intentionally adjust the shower temperature so that it is scalding hot states a claim under the Eighth Amendment. *See Fountain v. Rupert*, 819 Fed.Appx. 215, 219 (5th Cir. 2020) (allegations sufficient to state an Eighth Amendment claim for subjecting plaintiff to extreme shower water temperatures).