UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN WILLIAMS (#480922) | CIVIL ACTION |
| VERSUS | NO. 21-636-JWD-SDJ |
| DAVID VOORHIES, ET AL. | |

## OPINION

After independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated November 6, 2023 (Doc. 17), to which no objection was filed;

**IT IS ORDERED** that Defendants' Motion to Dismiss, which only seeks dismissal of Plaintiff's claims for monetary damages against Defendants in their official capacities, is GRANTED and that this matter be referred back to the Magistrate Judge on Plaintiff's remaining claims (i.e., Plaintiff's claims for injunctive relief and claims for monetary relief against Defendants in their individual capacities for the acts of excessive force and failure to intervene occurring on April 28, 2021).[1]

Signed in Baton Rouge, Louisiana, on December 6, 2023.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] The undersigned notes that, though Defendants did not argue, generally, for the dismissal of Plaintiff's excessive force and failure to intervene claims, any such argument would have been futile because Plaintiff has clearly stated sufficient facts to support these claims. Plaintiff alleges he was compliant with orders, yet force was used against him. His allegations also indicate that Voorhies failed to intervene when Walker sprayed Plaintiff with chemical agent and that Walker failed to intervene when Voorhies injured Plaintiff's hand. See R. Doc. 1, pp. 2-3. Additionally, Plaintiff's claim that Defendants intentionally adjust the shower temperature so that it is scalding hot states a claim under the Eighth Amendment. See Fountain v. Rupert, 819 Fed.Appx. 215, 219 (5th Cir. 2020) (allegations sufficient to state an Eighth Amendment claim for subjecting plaintiff to extreme shower water temperatures).