# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ALVIN WILLIAMS (#480922)**                    **CIVIL ACTION NO.**

**VERSUS**                                       **21-636-JWD-SDJ**

**DAVID VOORHIES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 19, 2024.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN WILLIAMS (#480922)                    CIVIL ACTION NO.

VERSUS                                      21-636-JWD-SDJ

DAVID VOORHIES, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendants David Voorhies and Omar Walker.[1]  The Motion is opposed.[2]  For the following reasons, it is recommended that the Motion for Summary Judgment be granted in part and denied in part, dismissing Plaintiff's claims for excessive force against Omar Walker, failure to intervene against David Voorhies, the claims for deliberate indifference to a serious medical need, any claims arising from the hot shower, and the claims for injunctive relief; that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims; and that this case be referred back to the Magistrate Judge to appoint counsel for Plaintiff.

I.      Background

Plaintiff Alvin Williams, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, instituted this action against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights arising from an incident occurring on April 28, 2021, when Walker allegedly used excessive amounts of chemical agent on Williams, and Voorhies pushed Williams into a wall causing his lip to bleed and exerted force that caused a stress fracture in Plaintiff's right hand.[3]  This Court previously dismissed Plaintiff's

---

[1] R. Doc. 63.
[2] R. Doc. 67.
[3] R. Docs. 1 & 4.

claims for monetary relief against Defendants in their official capacities.[4]    Plaintiff seeks monetary and injunctive relief.[5]

## II.    Law & Analysis

### A.  Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, such that the moving party is entitled to judgment as a matter of law.[6]    A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.[7]    If the moving party carries its burden of proof under Federal Rule of Civil Procedure 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[8]    Summary judgment must be entered against a party who fails to make an adequate showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[9]    In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.[10]

---

[4] R. Docs. 17 & 19.
[5] R. Doc. 4, p. 5.
[6] Fed. Rule Civ. P. 56.  *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] *Celotex Corp.*, 477 U.S. at 323.
[8] *Anderson*, 477 U.S. at 248.
[9] *Celotex Corp.*, 477 U.S. at 323.
[10] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### B.  Qualified Immunity

Defendants have asserted they are entitled to qualified immunity for the claims of excessive force and failure to intervene.[11] The qualified immunity defense employs a two-step process, which asks whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time of the violation; courts have discretion to determine which of the two prongs to address first.[12] The assertion of the qualified immunity defense alters the summary judgment burden of proof.[13] Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct."[14] "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[15]

### i.  Excessive Force

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[16] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from

---

[11] *See* R. Doc.63-1.
[12] *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").
[13] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).
[14] *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), (citing *Michalik*, 422 F.3d at 262).
[15] *Michalik*, 422 F.3d at 262.
[16] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[17] Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[18]

### 1. Omar Walker

The competent summary judgment evidence presented by Williams in his verified complaint[19] indicates that Walker entered Plaintiff's tier on April 28, 2021, and Williams requested "Mental Health," but the request was denied.[20] Williams stated he complied with all orders and again requested mental health, but his request was again denied.[21] Williams continued to comply with all orders, which included an order to go to the bars to be restrained, but once he was restrained, Walker tried unsuccessfully to spray Williams with chemical agent. Williams inquired into why he was being sprayed, but Walker cut Williams off by successfully spraying him with chemical agent.[22] Based upon Plaintiff's version of events, there was no need for the use of force because he was complying with all orders.

However, the evidence presented by Defendants is wholly opposite from Plaintiff's version of facts given in the verified complaint. Defendants contend Walker was not at all present on Plaintiff's tier when the incidents occurred and that Walker did not use chemical agent or any

---

[17] *Hudson,* 503 U.S. at 10.
[18] *Id.,* 503 U.S. at 7.
[19] R. Doc. 1, p. 8 (Williams certifies "under penalty of perjury that the foregoing is true and correct).
[20] R. Doc. 1, p. 2.
[21] R. Doc. 1, p. 2.
[22] R. Doc. 1, pp. 2-3.

force on Williams.[23] The Defendants, however, admit that Voorhies used chemical agent on Williams, but Williams is adamant that it was Walker, not Voorhies, who used the chemical agent. Though the foregoing appears to create a genuine issue of material fact, Plaintiff's responses, or lack thereof, to Defendants' requests for admissions, when taken into consideration with other undisputed facts, prove dispositive on the issue of whether Walker used excessive force against him.

Rule 36 governs requests for admissions, and a matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[24] Courts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts.[25] Rule 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage.[26] Rule 36(b) has been applied equally and consistently to represented and *pro se* parties alike.[27]

---

[23] R. Doc. 63-1, p. 3.
[24] Fed. R. Civ. P. 36(b).
[25] *E.g., Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).
[26] *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).
[27] *See Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1–2 (5th Cir. Jan. 10, 2022), *cert. denied,* 143 S. Ct. 93, 214 L. Ed. 2d 18 (2022), *reh'g denied,* 143 S. Ct. 515, 214 L. Ed. 2d 294 (2022) (affirming district court's grant of summary judgment in favor of defendants that relied on Rule 36(b) and held that *pro se* plaintiff's lack of responses to admissions conclusively establish that the defendants engaged in no [wrongdoing].");  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted). (noting that a pro se party "acquires no greater rights than a litigant represented by lawyer," and instead "acquiesces in and subjects [her]self to the established rules of practice and procedure"). Though Williams argues he sent objections to the interrogatories and requests for admissions and stated he would resend them (R. Doc. 69), there are still no responses to the requests for admission in the record. The Court notes that the Plaintiff's responses to interrogatories were received. R. Doc. 40. Plaintiff noted on his responses "I request admissions from all interrogatory questions," but it is unclear what is meant by this, and this statement does

Williams failed to respond to Defendants' requests for admissions. Under Rule 36(b), this results in the admission that Williams failed to comply with orders to remove plastic from around his waist.[28] A failure to comply with orders indicates a "need" for the use of force. The evidence also indicates that the only "injuries" sustained as a result of the use of chemical spray included temporary blindness, a burning sensation, and pain.[29] The chemical log books further demonstrate that the force used, which included one burst of chemical agent, was less than 50 grams of the chemical.[30] This Court, along with other courts, has found the use of this amount of chemical agent to not be constitutionally relevant.[31] Though there is no information regarding the threat perceived by officials and efforts made to temper the severity of a forceful response, the Court finds that the undisputed evidence regarding Plaintiff's refusal to follow orders, the minimal amount of force used, and the minimal injury sustained is sufficient to conclude that excessive force was not used by Walker. Because the factors weigh against a finding of excessive force, Plaintiff's claim against Walker for excessive force arising from use of the chemical agent should be dismissed.

### 2. David Voorhies

Based upon the competent evidence presented by Plaintiff in the form of his verified complaint, Voorhies pushed Williams against the wall while he was restrained with sufficient

---

not constitute a response to the request for admissions. R. Doc. 40, p. 2. So, unfortunately, at this time, Plaintiff is "stuck" with his admissions.

[28] R. Doc. 24. The Court also notes that Plaintiff's verified complaint indicates that he still had plastic around his waist after he was sprayed with chemical agent. R. Doc. 1, p. 3 ("I can hear Cpt. Voorhies saying 'come on' yanking and trying to untie the rest of the material that was wrapped around my abdomen.").

[29] R. Doc. 1, pp. 3-4.

[30] R. Doc. 25-3, p. 2.

[31] *See Hamilton v. Orr*, 2023 WL 2878820 (M.D. La. March 22, 2023) (44 grams of chemical agent not unconstitutionally excessive) (citing *Robinson v. South Carolina Dept. of Corrections*, 2012 WL 851042, at \*7 (D.S.C. March 13, 2012) (31 grams of chemical agent not unconstitutionally excessive); and *Scott v. Crosby*, 2021 WL 3472800, at \*5 (N.D. Fl. July 28, 2021) (69.5 gram use of pepper spray shows an absence of sadistic or malicious intent and is not excessive).

force to cause his lip to bleed and proceeded to press on Plaintiff's hands, causing him excruciating pain and a stress fracture in his right hand.[32] Though Defendants contend that Williams has admitted his right hand was not injured in the incident with Voorhies but was instead injured in a fight days later, this is a misrepresentation of the admission relied upon. Williams only "admitted," by his failure to respond to the requests for admission, that he was "in a fight on May 3, 2021 and injured [his] right hand."[33] The other evidence presented by Defendants to support the notion that Voorhies did not use excessive force against Williams in the stairwell relies entirely on the lack of reported injury to Plaintiff's right wrist/hand on April 28, 2021, but this entirely fails to address the evidence presented by Williams that he was shoved into the wall with sufficient force to cause his lip to bleed.[34] The alleged lack of injury to the wrist/hand also does not take into consideration the other factors to be considered in an excessive force analysis, though Defendants have couched the lack of documented injury on April 28, 2021 as disproving all other factors.

The evidence noted above, presented by Plaintiff's verified complaint, indicates that Williams was complying with orders; there was no need for force because he was restrained and posing no threat; there was no efforts made to temper the severity of a forceful response; and the force used was severe enough and applied for a long enough time for Williams to feel something "crack" in his hand and to cause his lip to bleed.[35] The minimal injury caused by Voorhies on April 28, 2021, is only one factor to consider in the excessive force analysis. All other factors, as noted above, weigh against finding that excessive force was not used. Further, the fact that Williams injured his hand on May 3, 2021, in a fight does not mean the hand was not also

---

[32] R. Doc. 1, pp. 3-4.
[33] R. Doc. 24, p. 3.
[34] Defendants otherwise focus on the use of chemical agent by Voorhies against Williams. R. Doc. 63-1.
[35] R. Doc. 1, p. 3.

injured on April 28, 2021, by Voorhies, so this admission does not prove dispositive, and Defendants entirely failed to address Plaintiff's bleeding lip.  There is a genuine dispute of material fact regarding whether force was applied by Voorhies maliciously, and when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated.[36] It was also clearly established at the time of the violation that using force against a shackled, subdued inmate violates the Eighth Amendment.[37] Accordingly, summary judgment on this claim is inappropriate.

### ii.  Failure to Intervene

 Under the Eighth Amendment to the United States Constitution, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's use of excessive force under a theory of bystander liability.  An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.[38]

The first allegation of failure to intervene is for Voorhies's failure to intervene to stop Walker's use of chemical agent. However, as noted above, the Court has determined that Walker did not use excessive force. "To succeed on a claim of a failure to intervene and prevent the use of excessive force against a plaintiff, it is axiomatic that there must be an underlying excessive

---

[36] *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  That is not to say that every malevolent touch by a prison guard gives rise to a federal action.  *Hudson*, 503 U.S. at 9.

[37] *See Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016) ("courts have frequently found constitutional violations in cases where a restrained of subdued person is subjected to the use of force" and declining to find qualified immunity where officer punched a restrained inmate) (internal citations omitted).

[38] *See Whitley v. Hale*, 726 F.3d 631, 646 (5th Cir. 2013) (citing *Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995)).

force violation of the plaintiff's Eighth Amendment rights."[39] Because Walker did not use excessive force against Williams, Voorhies cannot be liable for failure to intervene.

The second allegation of failure to intervene is against Walker and relates to Voorhies's use of force against Williams. Competent summary judgment evidence, in the form of Plaintiff's verified complaint, indicates that Walker, Voorhies, and Williams were in a stairwell when Voorhies pressed Williams against the wall, and Walker was close enough to tell Williams to "shut the f\*\*k up."[40] The only evidence Defendants have presented to contradict this and the only argument made is that Walker was not present at all. Under Plaintiff's version of facts, Walker should have known Voorhies was violating Plaintiff's constitutional rights by pressing him against a wall while restrained. Based upon Plaintiff's version of events, Walker also had time to intervene, as he was able to tell Williams "shut the f\*\*k up" and was in the stairwell with Voorhies and Williams. This creates a genuine issue of material fact, rendering disposal of this claim on summary judgment inappropriate.

### E. Williams Claim Regarding the Hot Shower is Subject to Dismissal

Plaintiff's claim regarding the hot shower is, in essence, a conditions of confinement claim. In evaluating a conditions of confinement claim, it is appropriate to apply the deliberate indifference standard articulated in *Estelle v. Gamble*.[41] "To establish deliberate indifference…, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.[42] The Eighth Amendment "does not mandate

---

[39] *Stewart v. Mathews*, No.19-00120-, 2021 WL 3519725, at \*6 (N.D. Miss. Aug. 10, 2021) (citing *Davis v. Cannon*, 91 Fed. Appx. 327, 329 (5th Cir. 2004)).
[40] R. Doc. 1, p. 6.
[41] 429 U.S. 97 (1976).  *See Wilson v. Seiter*, 501 U.S. 294 (1991).
[42] *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

comfortable prisons, but neither does it permit inhumane ones."[43] At a minimum, prison officials "must provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care."[44] They cannot deprive prisoners of the "basic elements of hygiene" or the "minimal civilized measure of life's necessities."[45] Prison conditions cannot inflict "wanton and unnecessary" pain.[46]

Though Plaintiff alleged the officers placed him in a shower that was known to be very hot, Defendants have produced competent summary judgment evidence that the officers have no control over the water temperature in the shower.[47] Further, Williams claim regarding the hot shower is lacking sufficient detail for this claim to proceed. Though the shower water may have been uncomfortable, Williams does not provide information indicating the hot water posed an *excessive* risk to his health or safety or any indication that he was injured by the hot water.[48]

## F. Williams has not Stated a Claim for Deliberate Indifference to a Serious Medical Need

To the extent Williams sought to bring a claim for deliberate indifference to a serious medical need, it is subject to dismissal.[49] A claim of deliberate indifference to serious medical needs requires an inmate plaintiff to demonstrate that appropriate medical care has been denied

---

[43] *Farmer*, 511 U.S. at 832 (internal quotation marks and citations omitted).

[44] *Id.*

[45] *Palmer v. Johnson*, 193 F.3d 346, 352-53 (5th Cir. 1999) (quotation marks omitted).

[46] *Id.* at 351.

[47] R. Doc. 63-4, p. 2.

[48] *See Tilmon v. Chairman of Union Parish Detention Center Commission*, No. 21-4037, 2022 WL 21842397, at *9 (W.D. La. Mar. 29, 2022) (dismissing as frivolous plaintiff's claim that he was scalded by shower water because he did not detail the severity of his injury, did not explain if he could easily sidestep the shower steam, and other factors).

[49] It is unclear if Williams intended to bring this claim, but to ensure all claims have been examined, the Court examined this potential claim. Further, though Defendants did not argue for its dismissal, after giving notice and an opportunity to respond, the Court may grant the motion on grounds not raised by a party. *Washington v. Copiah County Board of Supervisors*, 740 Fed.Appx. 424, 426 (5th Cir. 2018). This report and recommendation provides notice and a reasonable opportunity to respond. *Treadway v. Wilkinson*, 2008 WL 4224817, n. 3 (W.D. La. June 10, 2008). *See also Spann v. Woods*, 66 F.3d 322 (5th Cir. 1995) (unpubl.) (district court *sua sponte* dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer). Additionally, Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A.

and that the denial has constituted "deliberate indifference to serious medical needs."[50] "[S]ubjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[51] *Farmer* lays out both an objective prong and a subjective prong.[52] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[53] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[54] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[55] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[56]

Though Williams alleges that he requested to see "mental health," the facts of the complaint, as amended, do not indicate that Williams was suicidal, a threat to himself or others, or had any observable need for mental health counseling. Rather, it appears Williams sought to see mental health because two officers were approaching his cell causing him to "fear[] for [his] life" because he was high. Plaintiff's allegations do not demonstrate that he had a serious medical need to be addressed, much less one that Defendants would have been aware of; thus, he has not stated a claim for deliberate indifference to a serious medical need. Further, Williams

---

[50] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).

[51] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).

[52] *Id*. at 837.

[53] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

[54] *Id.*

[55] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

[56] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

does not indicate that any harm resulted from the denial of mental health treatment.[57] Thus, this claim is subject to dismissal.

### G.  Plaintiff's Requests for Injunctive Relief are Subject to Dismissal

Plaintiff's request that Defendants be fired is not cognizable.[58]  In addition to that request not being cognizable, both that request and the request that this Court act to enjoin future acts of excessive force are not viable because Walker and Voorhies no longer work at LSP, rendering the requests for injunctive relief moot.[59] Accordingly, the claims for injunctive relief are subject to dismissal.

### H.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Williams seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.   In the instant case, because the only remaining claim is for failure to protect under the Eighth Amendment, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claim because any potential state law claim based upon these facts would require a wholly different analysis than the federal claims.

---

[57] *Burnette v. Bureau of Prisons*, 277 Fed.Appx. 329, 332 (5th Cir. 2007) (noting that the plaintiff did not identify any harm that resulted from the denial or delay of psychological treatment rendering dismissal as frivolous proper).

[58] *See Ware v. Tanner*, No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) (noting that it would be against precedent and the public's interest, if not an abuse of judicial resources, to entertain a request that prison officials be fired for their conduct); *Krist v. Smith,* 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright*, 427 F.2d 1137 (5th Cir.1970).

[59] *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief).

## I. Appointment of Counsel

Williams has moved for appointment of counsel multiple times in this case,[60] but because at the time those motions were filed, Williams's case was not headed for trial, his requests were denied. If this Recommendation is adopted, Plaintiff's case will be ripe for trial, so it is recommended that the case be referred back to the undersigned for appointment of counsel.

---

[60] *See, e.g.*, R. Docs. 16, 21, 28, & 37.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment filed by Defendants be **DENIED IN PART** and **GRANTED IN PART**, that Plaintiff's claim for excessive force against Omar Walker, the related claim of failure to intervene against David Voorhies, any claims arising from the hot shower, all claims for deliberate indifference to a serious medical need, and the claims for injunctive relief be **DISMISSED WITH PREJUDICE**; the Court decline to exercise supplemental jurisdiction over potential state law claims, and that this case be referred back to the Magistrate Judge for appointment of counsel.[61]

Signed in Baton Rouge, Louisiana, on November 19, 2024.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[61] If the Recommendation is adopted, the only claims remaining will be Plaintiff's claim against Voorhies in his individual capacity for excessive force arising from the incident in the stairwell on April 28, 2021, and the related claim against Walker in his individual capacity for failure to intervene.